**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY GORDON | No. CV-06-02997-SBA |
|        Plaintiff, | **ORDER** |
| v. | [Docket No. 44] |
| COUNTY OF ALAMEDA, THE SHERIFF OF ALAMEDA COUNTY, CHARLES C. PLUMMER, DEPUTY SHERIFF C. SCOTT Badge No. 1239, MONTE HANRAHAN, THE PERALTA COMMUNITY COLLEGE DISTRICT, MERRITT COLLEGE, and DOES 1 through 50, inclusive, | |
|        Defendants. | |
| . | |
| _____ | |

Currently before the Court is Defendant's Motion for Sanctions [Docket No. 44]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing. The Court hereby GRANTS Defendants' Motion for Sanctions, including dismissal and attorney's fees [Docket No. 44].

## **BACKGROUND**

Plaintiff Nancy Gordon was arrested at Merritt College on March 31, 2005 for trespass and resisting and delaying the lawful duties of an officer. Mot. at 1:19-20. She brought a 42 U.S.C. § 1983 action alleging that she was subjected to false arrest, false imprisonment, excessive force, and emotional distress. Mot. at 1:21. Gordon filed the action on May 3, 2006. Docket Report No. 1.

Throughout this case, Gordon has repeatedly failed to comply with the rules of discovery and the rules of the court, which has resulted in numerous court orders and warnings. On September 14,

2006, she failed to initiate and participate in the scheduled telephone Case Management Conference. Docket Report No. 22.  In response, on September 15, 2006, the Court issued an order to show cause. Docket Report No. 23.  The order to show cause required her to appear before the Court on October 25, 2006 and to file a Certificate of Counsel, no later than October 15, 2006, to explain why the case should or should not be dismissed.  *Id.* at 1:22-28.  Gordon was warned that failure to fully comply with the order would be deemed sufficient grounds to dismiss the action.  *Id.* at 2:1-3.  Nevertheless, Gordon filed her response on October 17, 2006, two days late.  The only excuse she offered for not attending the Case Management Conference in this late response was that she was unsuccessful in her attempts to hire an attorney.  However, Gordon has been without an attorney since the action was first commenced.

On October 25, 2006 the Court ordered Gordon to meet and confer with defense counsel and to file a Joint Case Management Statement.  Docket Report No. 25.  The Court's order was accompanied by a warning that sanctions, including dismissal, might be imposed if she failed to comply with court orders. Docket Report No. 25.  Gordon did not meet and confer with defense counsel, and instead filed a statement independently.  Tranter Decl. at 3:10-11; Docket Report No. 26 at 2; Docket Report No. 27.

Following the Case Management Conference on December 6, 2006, the case was referred to Magistrate Judge Chen for settlement purposes.  Docket Report No. 29. A settlement conference was scheduled for March 23, 2007 and Magistrate Judge Chen instructed the parties to lodge a Settlement Conference statement by March 9, 2007.  Docket Report No. 34.  On March 15, 2007 Gordon had yet to lodge a statement.  Docket Report No. 35. Accordingly, Magistrate Judge Chen ordered her to lodge a hard copy of Plaintiff's Settlement Conference statement by March 21, 2007 and warned her that failure to comply could result in sanctions.  Docket Report No. 35.  Gordon did not lodge a statement.[1] Furthermore, she failed to appear at the Settlement Conference on March 23, 2007.

In addition to her failure to comply with numerous court orders and her failure to appear at the two scheduled conferences, Gordon has failed to attend two properly noticed depositions, one on March

---

[1]Her failure to lodge a statement is indicated by a March 23, 2007 email from Magistrate Judge Chen to Judge Armstrong.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

20, 2007 and another on April 24, 2007, without providing any notice or excuse.  Tranter Decl. at 2:10-11.

Most recently, Gordon has failed to file an opposition to the Motion for Sanctions filed by defendants.  Gordon's opposition was due on May 28, 2007 under Civil Local Rule 7-3(a), which requires that opposition be filed at least twenty-one days before the hearing date.  As of the date of this order, Gordon has not filed an opposition.

In short, Gordon has utterly failed to abide by the rules pertaining to discovery and repeatedly disregarded court orders, despite numerous warnings of sanctions, including dismissal.

## LEGAL STANDARDS

### I.      Rule 37

Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery. Fed.R.Civ.P. 37.  Under Rule 37(b)(2)(C), if a party fails to obey an order to provide discovery, the court may dismiss the action or proceeding in whole or in part. Fed.R.Civ.P. 37(b)(2)(C). Although the broad sanctions listed under Rule 37(b)(2) are generally reserved for failure to obey a discovery order, a party's failure to attend its own deposition opens it up to these sanctions under Rule 37(d).  *See Hilao v. Estate of Marcos*, 103 F.3d 762 (9th Cir. 1996).

### II.     Dismissal

Dismissal is authorized only in "extreme circumstances" where the violation is "due to willfulness, bad faith, or fault of the party." *United States v. Kahaluu Const.,* 857 F.2d 600, 603 (9th Cir. 1988).  Willfulness is sufficiently demonstrated by "disobedient conduct not shown to be outside the control of the litigants."  *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994).

A district court must weigh five factors in determining whether to dismiss a case for failure to comply with a court order: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Malone* 833 F.2d at 130.(quoting *Thompson v. Housing Authority*, 782 F.2d 829 (9th Cir. 1986)).

**III.    Monetary Sanctions**

When a party fails to attend its own deposition, "the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust" instead of or in addition to the sanctions listed in Rule 37(b)(2).  Fed.R.Civ.P. 37(d). Noncompliance need not be willful, but only unjustified, for a court to award reasonable expenses (including attorney fees).  *Lew v. Kona Hosp.* 754 F2d 1420, 1427 (9th Cir. 1985).  The court has considerable discretion in determining the amount and form of the award.  *See General Signal Corp. v. Donallco, Inc.* (9th Cir. 1986) 787 F2d 1376, 1380 (9th Cir. 1986) (identifying factors for calculating fee awards).

## ANALYSIS

Gordon has exposed herself to sanctions, including dismissal, under Rule 37(b)(2)  for her refusal to comply with this Court's October 25, 2006 order to meet and confer with defendants and her failure to lodge a timely Settlement Conference Statement despite two orders to lodge a statement, and her failure to appear at the March 23, 2007 Settlement Conference as ordered by Magistrate Judge Chen. She may also be sanctioned under Rule 37(d) for her failure to appear for depositions.

**I.    Dismissal**

**A.    Willfulness**

In *In re Exxon Valdez,* 102 F.3d 429, 432 (9th Cir. 1996), the plaintiffs repeatedly failed to comply with discovery obligations over a period of over two years, which the court determined supported a finding of bad faith and justified the sanction of dismissal.  The plaintiffs in *Exxon Valdez* had been ordered by the court to comply with requests for interrogatories and were warned by the court that further failure to comply would result in dismissal.  *Id.*  Similarly, Gordon's repeated failure to cooperate clearly demonstrates that she is acting willfully and in bad faith.  This period of flagrant disregard of the pretrial process began nine months ago when she failed to attend the scheduled Case Management Conference. Docket Report No. 22.  Since then, she has failed to comply with a court order

to confer with defendants despite a warning from the court that it could impose sanctions, including dismissal, if she failed to follow court orders, and she has failed to comply with a court order requiring her to attend a Settlement Conference, as well as two court orders to lodge a Settlement Conference statement. Gordon's flagrant disregard of numerous court orders over a period of nine months clearly demonstrates that she is acting willfully. Docket Report No. 25; Tranter Decl. at 2:27:28; Docket Report No. 34; Docket Report No. 35; Docket Report No. 36.

Furthermore, Gordon's failure to attend two scheduled depositions without providing notice or excuse further demonstrates her willfulness. A court need not have issued a prior order to attend a deposition to support a finding of willfulness or bad faith and for the party to incur sanctions as a result of failure to attend. *See Hilao v. Estate of Marcos*, 103 F.3d 762 (9th Cir. 1996). Like the defendants in *Hilao*, Gordon has demonstrated that she is wilfully refusing to cooperate by failing to attend her depositions without providing any excuse. In this case, Gordon has missed a *second* scheduled deposition, which provides even stronger evidence of bad faith than in *Hilao*.

Refusal to follow a court order, accompanied by a warning that such failure could lead to dismissal, may be independently sufficient to demonstrate willfulness and thus justify the sanction of dismissal, as *Exxon Valdez* illustrates, and as provided for in Rule 37(b)(2). Gordon has failed to comply with three court orders: the October 25, 2006 order to meet and confer with defense counsel, the February 21, 2006 order to lodge a Settlement Conference statement and appear at the Settlement Conference, and the March 15, 2006 order to lodge a Settlement Conference statement. Two of the orders were accompanied by warnings that failure to comply could result in sanctions. Gordon's actions satisfy the willful and bad faith requirement for the severe sanction of dismissal. *See Kahaluu Const.*, 857 F.2d 600.

**B.     Consideration of Factors**

Once a finding of willfulness and bad faith is established, a court must weigh five factors to determine whether dismissal is appropriate. *Malone*, 833 F.2d at 130. The factors are considered to determine whether, when taken together, they weigh in favor of dismissal. *See, e.g., Yourish v. California Amplifier*, 191 F.3d 983 (upholding district court's dismissal, even though the possibility of

5

less drastic alternatives and the public policy favoring disposition of cases on their merits weighed against dismissal, given the greater weight of the other three factors).

### 1.    The public's interest in expeditious resolution of litigation

In cases involving repeated delays caused by a plaintiff's behavior, this factor "always favors dismissal." *Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999).   Gordon's continued noncompliance has delayed the legal process, necessitating the defendants' Motion to Extend Time. Given Gordon's total failure to cooperate in the discovery process, after numerous court orders, the public's interest in expeditious resolution of litigation weighs in favor of dismissal.

### 2.    The court's need to manage its docket

The court in *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) asserted that it is incumbent upon the court to manage its docket without being subject to routine noncompliance of litigants.  Gordon has failed to participate in two scheduled conferences.  The second factor weighs in favor of dismissal.

### 3.    Prejudice to the defendants

The third factor, prejudice, looks to whether Gordon's actions impaired defendants.  Defendants have been unable to depose Gordon.  Mot. at 2:11-15.  Gordon has also failed to provide required information regarding witnesses.  Mot. at 6:14-16.  Defendants have therefore been prejudiced, as the trial is imminently scheduled  for July 9, 2007 and, due to Gordon's failure to cooperate during discovery, they may lack the information that would allow them to build their defense.  Consideration of this factor weighs in favor of dismissal.

### 4.    The public policy favoring disposition of cases on their merits

The fourth factor, the public policy favoring disposition of cases on their merits, usually weighs against dismissal, as asserted by the court in *Hyde & Drath v. Baker*, 24 F.3d 1162, 1167 (9th Cir. 1994); *Sykes v. U.S.*, 290 F.2d 555 (9th Cir. 1961)  ("The policy of the law is to try cases on their merits.").  However, this factor is often not enough to outweigh the other factors. *See Malone*, 833 F.2d

6

at 132, n.2 (noting that the factor was not discussed because it did not outweigh the other factors).  In this case this factor does not outweigh the other factors favoring dismissal.

### 5.    The availability of less drastic alternatives

The fifth factor, the availability of less drastic alternatives, is the factor that generally weighs most heavily against dismissal.  "The district court abuses its discretion if it imposes a sanction of dismissal without first considering the impact of the sanction and the adequacy of less drastic sanctions." *Malone*, 833 F.2d at 131.  In this case, denying the motion for the sanction of dismissal in favor of a less drastic sanction would be inadequate because it would allow Gordon to continue to waste both the Court's and defendants' time and resources, despite an already clear showing of her willful disregard of court orders and the rules of discovery.

In place of an explicit discussion of alternatives, a court may look to whether prior sanctions were imposed or whether warnings of sanctions were given to determine if the district court considered alternatives.  *See Kahaluu Const. Co.*, 857 F.2d 600.  In this case,  alternatives have been considered. Following her failure to attend the Case Management Conference in September, the Court initiated and conducted order to show cause proceedings.  In October, 2006, the Court addressed Gordon's failure to cooperate by ordering her to meet and confer with defense counsel.  Docket Report No. 25.  Gordon was warned that her action could be dismissed if she failed to comply with the court order.  *Id.* Nevertheless, Gordon failed to meet and confer with defense counsel as ordered. Gordon was also warned by Magistrate Judge Chen in March, 2007 that failure to comply with the order to lodge a Settlement Conference statement could result in sanctions.  Docket Report No. 35.  She did not lodge a statement.    In this case, consideration of the five factors weighs in favor of dismissal.

Finally, while the facts of this case support the sanction of dismissal under Rule 37, this Court's standing order states at paragraph 8: "The failure of the opposing party to file a memorandum of points and authorities in opposition to any motion shall constitute a consent to the granting of the motion." Gordon was therefore on notice that her failure to oppose the motion could lead to dismissal of her action.  She has failed to file an opposition to date, which provides an alternative basis for the Court to grant dismissal.

United States District Court
For the Northern District of California

Gordon has willfully violated the rules of discovery, as demonstrated by her failure to comply with three court orders and her failure to appear at two scheduled depositions as well as the settlement conference. Consideration of the five factors weighs in favor of dismissal.  Therefore, dismissal is appropriate.

### C.     Pro Se Status

The Court is mindful that Gordon is pro se. A pro se litigant's pleadings and papers are held to a less stringent standard than those of represented parties. *See Haines v. Kerner,* 404 U.S. 519 (1972). However, pro se parties are not excused from following the rules and orders of the court. *See Jacobsen v. Filler,* 790 F.2d 1362, 1364-65 (9th Cir. 1986) (affirming summary judgment even though pro se plaintiff unknowingly failed to file an opposition to motion for summary judgment).

The simple nature of the discovery requirements and court orders, along with the lack of any explanation for her failure demonstrates that Gordon has acted willfully and in bad faith.  A pro se plaintiff's violation of rules may occur despite genuine efforts to comply, in which case willfulness is not established and the sanction of dismissal in not appropriate. *See Porter v. Martinez*, 941 F.2d 732, 734 (9th Cir. 1991).  However, pro se plaintiffs must abide by the rules of discovery, and when they fail to do so in bad faith dismissal is warranted. *See Lindstedt*, 238 F.3d 933 (8th Cir. 2000).  The Court acknowledges that as a pro se plaintiff Gordon's pleadings and papers are held to a less stringent standard.  However, her pro se status does not excuse her intentional failure to comply with court orders and the rules of discovery.

## II.     Monetary Sanctions

Under Rule 37(d)(3), in the event of a party's failure to attend its own deposition, the party must pay reasonable expenses caused by the failure.  A party's failure to appear for a deposition need not be willful for a court to impose monetary sanctions; mere negligence may justify an imposition of these less severe sanctions. *Lew v. Kona Hosp.*, 754 F.2d 1420 (9th Cir. 1985).

In this case monetary sanctions are appropriate.  Gordon has, on two separate occasions, failed to appear for her scheduled deposition, and she has failed to offer any explanation for her absence.  As

noted above, Gordon's behavior amounts to willfulness and bad faith, and is clearly unjustified, which is all that is required for a court to impose reasonable fees. *See Lew,* 754 F2d 1420 at 1427.

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED THAT Defendants' motion for the sanction of dismissal and for monetary sanctions pursuant to Federal Rule of Civil Procedure 37 [Docket No. 44] is GRANTED.  Defendants must serve and file a bill of costs within 14 days of the date of this order. Within 10 days of service  of the bill of costs, Gordon may serve and file any specific objections to any item of cost claimed.

IT IS SO ORDERED.

Dated: 6/14/07                                    SAUNDRA BROWN ARMSTRONG
                                                         United States District Judge

United States District Court
For the Northern District of California

9

1

2

3                               UNITED STATES DISTRICT COURT

                                           FOR THE
4
                                NORTHERN DISTRICT OF CALIFORNIA

5

6    NANCY GORDON,
                                                    Case Number: CV06-02997 SBA
7              Plaintiff,

                                                    **CERTIFICATE OF SERVICE**
8        v.

9
     COUNTY OF ALAMEDA et al,
10

11             Defendant.
     _____/
12

13   I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District

14   Court, Northern District of California.

15   That on June 15, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said

16   copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said
     envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle
17   located in the Clerk's office.

18

19

20

21   Nancy  Gordon
     416 Perkins Street
22   Suite 1A
     Oakland,  CA 94610
23

24   Dated: June 15, 2007

25                                                  Richard W. Wieking, Clerk
                                                    By: LISA R CLARK, Deputy Clerk
26

27

28

                                                    10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**United States District Court**
For the Northern District of California