IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY GORDON<br><br>    Plaintiff,<br>v.<br><br>COUNTY OF ALAMEDA, THE SHERIFF OF ALAMEDA COUNTY, CHARLES C. PLUMMER, DEPUTY SHERIFF C. SCOTT Badge No. 1239, MONTE HANRAHAN, THE PERALTA COMMUNITY COLLEGE DISTRICT, MERRITT COLLEGE, and DOES 1 through 50, inclusive,<br><br>    Defendants. | No. CV-06-02997-SBA<br><br>**ORDER**<br>[Docket No. 61] |

Currently before the Court is Plaintiff Nancy Gordon's Objection to Defendants' Bill of Costs [Docket No. 61]. Having read and considered the arguments presented by the parties in the papers submitted to the Court, the Court finds this matter appropriate for resolution without a hearing.

## **BACKGROUND**

Plaintiff Nancy Gordon was arrested at Merritt College on March 31, 2005 for trespass and resisting and delaying the lawful duties of an officer. She brought a 42 U.S.C. § 1983 action alleging that she was subjected to false arrest, false imprisonment, excessive force, and emotional distress. On numerous occasions throughout the pretrial process Gordon utterly failed to abide by the rules pertaining to discovery and flagrantly disregarded court orders, despite numerous warnings of sanctions. Accordingly, on June 15, 2007 the Court granted the Defendants' Motion for the Sanction of Dismissal under Rule 37(b)(2)(c). Docket No. 55. The Court also awarded Defendants costs, including attorney's

fees, that were incurred in preparation for the two scheduled depositions that Plaintiff failed to attend without notice or excuse, under Federal Rule of Civil Procedure 37(d). *Id.* Plaintiff now objects to the Defendant's Bill of Costs.

## **LEGAL STANDARDS**

Federal Rule of Civil Procedure 37 provides for sanctions available for failure to make disclosures or cooperate in discovery. "Rule 37(b)'s sanctions for failure to comply with discovery orders, including holding parties and counsel personally liable for expenses, 'including attorney's fees,' must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Exp., Inc. v. Piper*, 447 U.S. 752, 753 (1980). A party's failure to attend its own deposition need not be willful, but only unjustified, for a court to award reasonable expenses (including attorney fees). *Lew v. Kona Hosp.* 754 F2d 1420, 1427 (9th Cir. 1985).

## **ANALYSIS**

### **I.     The Nature of the Monetary Sanctions Awarded by the Court**

Plaintiff argues that the Court did not award attorney fees, but only costs. Docket No. 61 at 2:11-21. Under Rule 37(d), in the event of a party's failure to attend its own deposition, the party must pay reasonable expenses caused by the failure. As noted in the Court's June 15, 2007 order, Gordon's behavior amounted to willfulness and bad faith, and was certainly unjustified, which is all that is required for a court to impose reasonable fees, including attorney fees, under Rule 37(d). Although Gordon quotes a portion of the order that refers only to "costs," it is clear from reading the order as a whole that the Court awarded Defendant the attorney fees incurred in preparation for the two depositions that Gordon failed to attend without notice or excuse. For example, the order refers to Rule 37(d). The order says, "When a party fails to attend its own deposition, 'the court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, *including attorney's fees*, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust'" (emphasis added). Docket No. 55 at 4:2-5.

**2**

## II. Lack of Motion for Attorney Fees

Plaintiff argues that a motion for attorney fees is required for a court to award attorney fees and that no such motion was filed. Docket No. 61 at 2:23-25. However, Plaintiff offers no legal authority to support this claim.

Federal Rule of Civil Procedure 37(b)(2) reads, ". . .the court *shall* require the party failing to act or the attorney advising that party or both to pay the reasonable expenses, including attorney's fees, caused by the failure unless the court finds that the failure was substantially justified or that other circumstances make an award of expenses unjust" (emphasis added). Furthermore, federal courts have an inherent power to impose sanctions, including an award of attorney's fees, against attorneys and parties for "bad faith" conduct or "willful disobedience" of a court order. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Accordingly, the Court has the ability to issue monetary sanctions regardless of whether the Defendant filed a motion requesting such sanctions.

## III. Reasonableness of Amount

Plaintiff objects to Defendants' Bill of Costs, which lists attorney fees of $5,628.00. The Defendants' attachment does not itemize the attorney fees. An hourly rate is not provided nor is a total calculation of the attorney hours expended.

The Ninth Circuit has adopted the "lodestar" approach for determining reasonable attorney's fees. *See Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). Under this method, a court must calculate reasonable attorney fees by multiplying the number of hours reasonably expended on the litigation by a reasonable hourly rate. *See Jordan,* 815 F.2d at 1258. While the lodestar is strongly presumed to be reasonable, it may be adjusted on the basis of other considerations that have not already been subsumed in the initial lodestar calculation. *Id.* Here the Defendants have provided only a lump sum of the attorney fees, which makes it impossible for the Court to determine the reasonableness of the fees using the lodestar method. Accordingly, the Defendants must provide an itemized account so that the Court can determine the reasonableness of the amount.

### IV. Plaintiff's Ability to Pay

Plaintiff, who is pro se, argues that the Court should take her financial hardship into account when determining whether it is appropriate to award attorney fees. She notes that the Court allowed her to proceed in *forma pauperis*. *See* Docket No. 7.

In some cases a court may take into account a party's ability to pay when determining the appropriateness of awarding attorney fees. For example, in cases involving the award of attorney fees under 42 U.S.C. §§ 1981, 1983 or Title VII, which often involve awarding sizable attorney fees to the prevailing defendant, a district court should consider the financial resources of the plaintiff in awarding fees to a prevailing defendant. *Miller v. Los Angeles County Bd. of Educ.*, 827 F.2d 617, 621 (9th Cir. 1987).[1] In those cases, courts have held that while an award of attorney's fees for a frivolous lawsuit may be necessary for deterrent purposes the award should not subject the plaintiff to financial ruin. *See id.* Here, Plaintiff has not provided any specific argument that imposing attorney fees of $5,628.00 would be unduly burdensome, but has merely pointed out her in *forma pauperis* status. Furthermore, this Court has already determined that Plaintiff acted willfully and in bad faith. "*Pro se* petitioners have a greater capacity than most to disrupt the fair allocation of judicial resources because they are not subject to the financial considerations-filing fees and attorney's fees-that deter other litigants from filing frivolous petitions." *In re Sindram*, 498 U.S. 177, 180. Plaintiff's failure to attend the two depositions is but one of many instances where she has acted willfully and in bad faith. Here, an award of attorney fees is necessary to perform the deterrent effect of Federal Rule of Civil Procedure 37(d).

### **CONCLUSION**

For the foregoing reasons, Plaintiff's Objection to the Defendants' Bill of Costs regarding the lack of itemization of attorney's fees [Docket No. 61] is SUSTAINED. The remaining objections are OVERRULED. Within 14 days of the date of this Order, Defendants shall file with the Court a detailed

---

[1] In *Miller* the Court required pro se plaintiff to pay prevailing defendant nearly $50,000 in attorney fees, almost ten times the amount in question here.

4

itemized account of the number and rate of attorney hours relating to the two depositions that Plaintiff failed to attend without notice or excuse.

IT IS SO ORDERED.

Dated: 10/3/07

_SAUNDRA BROWN ARMSTRONG_
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

NANCY GORDON,

        Plaintiff,

v.

COUNTY OF ALAMEDA et al,

        Defendant.

Case Number: CV06-02997 SBA

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on October 4, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Nancy Gordon
416 Perkins Street
Suite 1A
Oakland, CA 94610

Dated: October 4, 2007

        Richard W. Wieking, Clerk
        By: LISA R CLARK, Deputy Clerk